UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20104-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WALTER VEINTEMILLA,

    Defendant.

_____

### DEFENDANT WALTER VEINTEMILLA'S MOTION TO TAKE A RULE 15 DEPOSITION

Comes Now, Defendant Walter Veintemilla, through undersigned Counsel, and respectfully moves this Court pursuant to Rule 15(a)(1) of the Federal Rules of Criminal Procedure to authorize a pre-trial deposition to preserve the testimony of J.C., foreign witness that resides in Bolivia and outside the subpoena power of the United States and who cannot travel to the United States due to immigration status and lack of required visa.

### FACTUAL BACKGROUND

Walter Veintemilla was arrested on February 14, 2023 and presently stands charged by Superseding Indictment (DE 552) with one count of: Conspiracy to Provide Material Support and Resources to Carry out a Violation of Section

956(a)(1) Resulting in Death, in violation of 18 U.S.C. § 2339A(a); Providing Material Support and Resources to Carry out a Violation Resulting in Death in violation of 18 U.S.C. § 2339A(a); Conspiracy to Kill and Kidnap a Person outside of the United States, in violation of 18 U.S.C. § 956(a)(1); Conspiracy to Commit Offenses Against the United States in violation of 18 U.S.C. § 371.; and Expedition Against a Friendly Nation, in violation of 18 U.S.C. § 960.

At trial, the government will allege that Mr. Veintemilla, through his company, Worldwide Capital Lending Group (hereinafter "Worldwide")[1], knowingly funded an operation to assassinate President Moise of Haiti.

Central to Mr. Veintemilla's defense is evidence that he believed that several investigative and administrative agencies of the United States Government were aware of the actions and intentions of his alleged co-conspirators in Haiti and supported those actions. The defense will establish that Mr. Veintemilla understood that President Moise was little more than a violent gangleader who killed opposition leaders and caused immeasurable suffering to the Haitian people.  and that it was Mr. Veintemilla's understanding, based upon representations made by some of his alleged co-conspirators[2] and others, that the United States Governmnent supported

---

[1] Mr. Ventemilla has two companies: Worldwide Capital Lending Group and Worldwide Mortgage Lending Group, Inc.  The Fifth Superseding Indictment references only Worldwide Capital Lending Group.

[2] Several of Mr. Veintemilla's alleged co-conspirators were known to be  working as Confidential Informants for the FBI and DEA.

Sannon in his efforts to become the next leader of Haiti and restore democracy to the long-suffering country.

The defense will establish that the line of credit provided by Worldwide to CTU was intended to support Sanon while he was in Haiti seeking garnering popular support and to protect protestors demonstrating for a democratic government. Separately, Mr. Veintemilla will rely on evidence establishing that United States' governmental agencies were aware that Haitian officials and others planned to arrest President Moise with the assistance of CTU and appeared to support such plan. Mr. Veintemilla also intends to establish at trial that he and others were shown an arrest warrant for President Moises, and that the alleged co-conspirators sought the counsel of J.C., an Ecuadorian lawyer and so-called international law expert, to confirm the validity and legality of the arrest warrant. Upon information and belief, J.C. did confirm the validity and legality of the arrest warrant and issued a legal opinion to that effect. It is also of significance that J.C. was apparently sa confidential informant for an investigative agency of the United State at the time that he tendered the requested legal advice. J.C.'s testimony would accordingly support an essential part of Mr. Veintemilla's defense and rebut the government's theory of prosecution.

## MEMORANDUM OF LAW

Because the government has charged an international conspiracy, essential witnesses possessing relevant and probative information are located overseas. Rule

15(a)(1) authorizes the deposition of a prospective trial witness in order to preserve testimony for trial in "exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). "Such circumstances exist when (1) the witness is unavailable to testify at trial, (2) their testimony is material, and (3) countervailing factors do not 'render taking the deposition unjust to the nonmoving party." *Khan v. United States*, 928 F.3d 1264, 1269 (11th Cir. 2019) (citation omitted). "[O]rdinarily, exceptional circumstances exist within the meaning of Rule 15(a) when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice." *United States v Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993).

### A. The witness is unavailable to testify at Mr. Veintemilla's trial.

A witness is unavailable under Rule 15(a)(1) when a "substantial likelihood exists that the proposed deponent will not testify [physically] at trial." *Id*. at 1553. "A 'substantial likelihood of unavailability' exists when the proposed deponent is beyond the subpoena powers of the United States and has indicated his unwillingness to testify at trial." *United States v. Cordoba*, No. 12-20157-CR, 2012 WL 3597416, at *4 (S.D. Fla. Aug. 20, 2012) (*quoting United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995)). And even when a potential witness is willing to testify, he may nonetheless be unavailable since "he cannot be subpoenaed upon changing his mind." *Id*. This prong of the test can be satisfied "simply through in-court representations by counsel" or affidavits from the witnesses. *United States v.*

*Salamey*, No. 8:19-CR-298-VMC-SPF, 2022 WL 35992, at *2 (M.D. Fla. Jan. 4, 2022) (citing *Drogoul*, 1 F.3d at 1553).

J.C. is not a U.S. citizen. Indeed, he is a Bolivian national who resides in Bolivia. He is accordingly outside the subpoena power of the United States. IFurther, upon information and belief, J.C. does not have a visa to travel to the United States. As a result, he is "unavailable" for purposes of Rule 15(a)(1).

### B. The Testimony of the Witness is Material to Mr. Veintemilla's Defense.

Mr. Veintemilla does not have to establish that J.C. is "a major witness" to establish the propriety of a Rule 15(a)(1) subpoena. It is sufficient that J.C.'s testimony is "material" to Mr. Veintemilla's defense. *United States v. Tovar-Montoya*, 2015 WL 12978154, at *2 (M.D. Fla. Apr. 2, 2015). Materiality can be established "by proffering 'what the testimony will be.'" *Id.* (quoting *Ramos*, 45 F.3d at 1523-24). As described above, J.C.'s testimony is material and necessary to Mr. Veintemilla's defense in that it will establish that Mr. Veintemilla and his alleged co-conspirators (1) acted in good faith, (2) believed that their actions were legal, (3) believed that their actions were known to and supported by the United States Government, and (4) that Mr. Veintemilla's alleged "material support" for Sanon was not in contravention of law or United States' foreign policy.

### C. There are no Countervailing Factors that Render Taking Depositions Unjust to the Government.

"[W]hen a prospective witness is unlikely to appear at trial and his or her testimony is critical to the case, simple fairness requires permitting the moving party to preserve the testimony . . . absent significant countervailing factors which would render the taking of the deposition unjust." *Drogoul*, 1 F.3d at 1552. In *Ramos*, the Eleventh Circuit rejected the government's argument that the following countervailing factors rendered the requested Rule 15 deposition of witness Yepez unjust:

> Yepez's testimony was suspect because he cannot be sanctioned for perjury; because the defense had neither taken nor scheduled the deposition when the magistrate vacated the order five days before trial, it was unclear the deposition could actually be taken; deposing a suspected drug dealer at a place and time arranged by an undisclosed third party in Medellin, Colombia, posed a serious threat to the prosecutor's safety; because the defense never detailed what Yepez's testimony would be, the testimony may have been irrelevant, cumulative, or inadmissible.

*Id.* at 1523. The Eleventh Circuit found "that none of these factors, whether taken singly or together, render[ed] taking the deposition unjust." *Id.*

Likewise, in Mr. Ventemilla's case, there are no countervailing factors precluding the requested deposition of J.C.. The fact that the witnesses live in Bolivia and cannot be immediately sanctioned for perjury does not render the deposition unjust. *Id at* 1523-24.

## CONCLUSION

Accordingly, for all these reasons, Mr. Veintemilla respectfully requests leave of Court to take Rule 15 depositions of J.C. in Bolivia.

## LOCAL RULE 88.9 CERTIFICATE OF CONFERRAL

Undersigned conferred with the government, who advised that they oppose this request for Rule 15 deposition.  Counsel for Defendants Arcangel Pretel Ortiz, Antonio Intriago, Christian Sanon, and James Solages advised that they join in this motion.

Dated: July 1, 2024                     Respectfully submitted,

By: */s/ Tama Beth Kudman*
Tama Beth Kudman, Esq.
Florida Bat No. 637432
KUDMAN TRACHTEN ALOE POSNER LLP
7105 Fairway Drive, Suite 130
Palm Beach Gardens, Florida 33418
Telephone:  (561) 472-0811
Facsimile:   (561) 828-0210
Tkudman@kudmanlaw.com

By: */s/ Marissel Descalzo*
Marissel Descalzo, Esq.
Florida Bar No. 669318
TACHE, BRONIS AND DESCALZO, P.A.
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Telephone:  (305) 537-9565
Facsimile:   (305) 537-9567
mdescalzo@tachebronis.com
service@tachebronis.com

## CERTIFICATE OF SERVICE

I HEREBY CERIFY that a copy of the foregoing has been served on all counsel of record electronically by utilizing CM/ECF or via electronic mail.

By: */s/ Marissel Descalzo*

Marissel Descalzo, Esq.