UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 22-20104-CR-BECERRA

**SEALED**

UNITED STATES OF AMERICA,

vs.

WALTER VEINTEMILLA, et al.

Defendants.

_____/

FILED BY ___ D.C.

APR 09 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**FILED UNDER SEAL**

## DEFENDANTS VEINTEMILLA, ORTIZ AND INTRIAGO'S RESPONSE TO UNITED STATES' NOTICE CONCERNING APRIL 3, 2025 DISCOVERY CONFERENCE

The Defendants' Joint Motion to Compel Compliance with Court's Standing Discovery Order and Brady/Giglio Obligations was initially filed under seal on April 3, 2025 (DE 995) but was stricken by the Court upon the Government's Motion (DE 996) on the same day for failure to confer with the Government regarding the matters raised. (DE 997). The parties did, in fact, confer on the matters raised herein later that same day, and the Defendants herein then filed their Renewed Motion to Compel Compliance with the Court's Standing Discovery Order and *Brady/Giglio* obligations, and to do so in a Manner Facilitating Meaningful Review of the Discovery (DE 1000). After that filing was made under seal, the Defendants received the Court's Order, DE 999, which directed the Government to file a Notice reporting to the Court the results of the discovery conference held between the parties on April 3, 2025, and permitting the Defendants to file a response thereto. This Response is filed in accordance with the Court's directive.

As the Government's Notice makes clear, the Government's discovery productions have been so disorganized, confusing and misleading that the Government itself is unable to correct its own 352-page discovery index such that it is useful and actually instructive as to the contents and source of the already produced discovery.

The Government agreed with Defendant Intriago to address an itemized list of specific discovery requests where they deem it, "feasible." *See* Government's Notice at 2. However, this was a concession made by the Government who refused to address the entire problematic discovery index. Undersigned Defendants do not agree that the targeted approach suggested by

the Government comes close to addressing the problems inherent to the entirety of the discovery. The Defendants made that position clear to the Government at the conference.

The Government avers that it has been responsive to the Defendants' discovery complaints by virtue of finally producing its Summary Exhibit in a fashion accessible to the Defendants last Friday. It goes without saying that this is not a feat that the Government should be showcasing as an example of their willingness to accommodate the defense or to satisfy their discovery obligations.

Further, the fact that the Defendants have had to wait two years for an index of the device extractions that have been produced is a perfect example of the hurdles the Defendants have faced in trying to review the massive amounts of discovery. It should be noted that not only do we not have a master list of the extractions that have been produced, but many of the extractions that we have are only partial, containing only select portions of the data from the devices. In some cases, we have multiple extractions of the same devices but with different content from the device. We are pleased that the Government has now agreed to attempt to create a meaningful index of device extractions. But the lack of such useful guides has served to handicap our efforts to meaningfully locate and review evidence. And we are concerned that the Government's new index will not be descriptive enough.

The suggestion that our discovery complaints are premature disregards the current trial schedule and the defendants' repeated complaints about the state of the discovery. The government believes that because it has, in theory, agreed to a limited remedy the defense should be precluded from reporting to the Court our belief that the remedy offered by the government is deficient and from moving for effective relief. Such position disregards our obligation to report to the Court the status of discovery in that it could have a meaningful effect on our ability to prepare for trial as scheduled. We also have an obligation to ensure a fair trial and effective assistance of counsel to our clients, which includes the ability to meaningfully review their discovery. The parameters that the Government has set for discovery revisions are not acceptable and need to be addressed by the Court.

Finally, the Government's Notice discloses a total lack of understanding of their obligations under *Brady*. The Government bears the burden of producing *Brady* in a meaningful manner, as further discussed in Defendants' Joint Motion. The fact that the discovery herein is so voluminous makes such obligation even more compelling. Indeed, most cases involving Brady violations stems from cases involving huge volumes of discovery, such as we have here. *See* Renewed Joint Motion at 17-19.

For these reasons, not the least of which is the instant trial schedule, we ask that the Court address the issues raised in the instant discovery Motion as soon as possible because the Government's targeted approach does not begin to address the serious problems attendant to the discovery produced herein.

| | |
|---|---|
| Dated: April 8, 2025 | Respectfully submitted, |
| **KUDMAN TRACHTEN ALOE POSNER LLP** | **TACHE, BRONIS AND DESCALZO, P.A.** |
| Tama Beth Kudman, Esq.<br>Florida Bar No. 637432<br>7108 Fairway Drive, Suite 130<br>Palm Beach Gardens, Florida 33418<br>Telephone: (561) 472-0811<br>Facsimile: (561) 828-0210<br>tkudman@kudmanlaw.com | Marissel Descalzo, Esq.<br>Florida Bar No. 669318<br>150 S.E. 2nd Avenue, Suite 600<br>Miami, Florida 33131<br>Tel: (305) 537-9565; Facsimile: (305) 537-9567<br>mdescalzo@tachebronis.com<br>service@tachebronis.com |
| By: /s/<br>Tama Beth Kudman<br>*Counsel for Defendant Veintemilla* | By: /s/<br>Marissel Descalzo<br>*Counsel for Defendant Veintemilla* |
| **DO CAMPO & THORNTON, PA**<br>Daniela Jaramillo, Esq.<br>Chase Bank Building<br>150 S.E. 2nd Avenue, Suite 602<br>Miami, FL 33131<br>Tel: (305) 358-6600; Facsimile: (305) 358-6601<br>dj@dandtlaw.com | **LAW OFFICE OF EMMANUEL PEREZ & ASSOCIATES, P.A.**<br>Emmanuel Perez, Esq.<br>901 Ponce De Leon Boulevard, Ste. 101<br>Coral Gables, Florida 33134<br>Tel. (305) 442-7443 ; Fax. 305-441-9218<br>perez@lawperez.com |
| *Counsel for Defendant Ortiz* | *Counsel for Defendant Intriago* |

3

**CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that a true and correct copy of the foregoing was filed conventionally, under seal on April 8, 2025, and served via email to counsel for the Government; and to counsel for Co-Defendants: Ortiz, Intriago, Solanges, and Sanon.

By: _____
Tama Beth Kudman